**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Tyler Saltzman and Nathaniel Morse, Individually and for Others Similarly Situated, | Case No. 4:19-cv-41 |
| *versus* | Jury Trial Demanded |
| Von Energy Services, LLC and Von Directional Services, LLC | |

# COMPLAINT

1. VON Energy Services, LLC and VON Directional Services, LLC (collectively, VON) employ drilling workers known as MWD Operators and Directional Drillers to perform directional drilling work.

2. Many of these drilling workers (including Tyler Saltzman[1] and Nathaniel Baylen Morse) are "staffed" to VON by third-party entities. Although VON classifies these staffed workers as independent contractors, they are in fact employees under the Fair Labor Standards Act (FLSA).

3. Saltzman, Morse, and the other drilling workers staffed to, and employed by, VON regularly work more than 40 hours a week. But VON does not pay them overtime.

4. Instead, VON pays them a daily-rate with no overtime compensation.

5. This violates the FLSA. *See* 29 C.F.R. § 778.112.

6. Saltzman and Morse bring this collective action to recover the unpaid overtime wages and other damages owed to themselves and other drilling workers like them.

---

[1] Saltzman originally filed his claim in *See Saltzman v. VON Energy,* Case No. 4:18-cv-2883 (S.D. Tex) (Hughes, J.). VON was properly served, but failed to answer. Saltzman later dismissed his claim without prejudice. Judge Hughes directed Saltzman's case be assigned to him if refiled. *Id.* at ECF No. 10. Saltzman requests this matter be assigned to Judge Hughes.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because: (a) VON conducts substantial business operations in this District and Division; and (b) VON maintains its corporate headquarters in this District and Division.

## PARTIES

9. Saltzman was an MWD Operator employed by VON from approximately February 2016 until May 2017. His written consent is attached.

10. Morse worked for VON as both an MWD Operator and a Directional Driller between 2016 and 2018. His written consent is attached.

11. Although VON classified them as independent contractors, Saltzman and Morse were in fact VON's employees.

12. Through their employment, VON paid a day-rate for the work Saltzman and Morse performed. It did not pay overtime for hours they worked in excess of 40 in a week.

13. Saltzman and Morse bring this action on behalf of themselves and the other drilling workers (specifically, MWD Operators and Directional Drillers) who worked for, or on behalf of, VON while being classified as independent contractors.

14. VON paid a day rate for the drilling workers' work. Despite suffering or permitting them to work overtime hours, VON did not pay the drilling workers overtime.

15. **VON Energy Services, LLC,** is a Texas limited liability corporation and may be served by serving its registered agent for service of process, Mark A. Padon, at 1980 Post Oak Blvd., 24th Floor, Houston, Texas 77056, or wherever he may be found.

16. **VON Directional Services, LLC,** is a Texas limited liability corporation and may be served by serving its registered agent for service of process, Mark A. Padon, at 1980 Post Oak Blvd., 24th Floor, Houston, Texas 77056, or wherever he may be found.

## FLSA COVERAGE

17. At all relevant times, VON Energy and VON Directional have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all relevant times, VON Energy and VON Directional have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, VON Energy and VON Directional have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

20. VON Energy and VON Directional have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as oilfield equipment, MWD tools, cables, wrenches, screwdrivers, computers, automobiles, and cell phones.

21. VON Energy and VON Directional have each had an annual gross volume of sales made or business done in excess of $1,000,000.00 for each of the past 3 years.

22. The drilling workers (including Saltzman and Morse) were engaged in commerce or in the production of goods for commerce.

23. VON treated Saltzman, Morse, and the other drilling workers like them as employees.

24. VON uniformly paid a day-rate for the work performed by the drilling workers like (and including) Saltzman and Morse.

25. VON's misclassification of the drilling workers as independent contractors does not alter their status as employees for purposes of this FLSA collective action.

**FACTS**

26. VON is an oil and gas service company providing oilfield personnel (MWD Operators and Directional Drillers) and related equipment to oil and gas exploration companies.[2]

27. In order to provide its core services, VON retains drilling workers (MWD Operators and Directional Drillers) to perform services on its behalf.

28. VON often contracts with third-party entities to provide it with oilfield personnel to work for, or on its behalf. This includes drilling workers who, like Saltzman and Morse, work as MWD Operators and Directional Drillers.

29. VON and the third-party entities who staffed oilfield personnel to VON to work for, or on its behalf, jointly determine and share control over the terms and conditions of the drilling workers' employment.

30. VON and the third-party entities who staffed oilfield personnel to VON to work for, or on its behalf, jointly hired and fired, supervised and controlled, set pay, determined hours, and approved time sheets with respect to these workers.

31. VON is an employer, and/or a joint employer, of the oilfield personnel staffed to it by the third-party entities.

32. Even if their job titles and precise job duties differed somewhat, VON subjected all the drilling workers to this similar, illegal, pay practice.

33. Specifically, VON classified Saltzman, Morse, and the other drilling workers as independent contractors and paid a flat sum for each day they worked, regardless of the number of hours that they worked that day (or in that workweek).

---

[2] https://vonenergy.com/?SA

34. VON uniformly failed to pay the drilling workers overtime for the overtime hours they worked.

35. For example, from approximately February 2016 until May 2017, Saltzman worked exclusively for VON as an MWD Operator. Morse worked exclusively for VON as an MWD Operator and Directional Driller between 2016 and 2018.

36. Throughout their employment, VON classified Saltzman and Morse as independent contractors and paid them on a day-rate basis.

37. VON directed Saltzman and Morse to work 12 (or more) hours a day for as many as 7 days in a week.

38. Saltzman and Morse worked well in excess of 40 hours each week while employed by VON, often for weeks at time.

39. The work Saltzman and Morse performed was an essential part of VON's core business.

40. During their employment with VON, VON classified Saltzman and Morse as independent contractors but exercised control over all aspects of their jobs.

41. The daily and weekly activities of the drilling workers (including Saltzman and Morse) were routine and largely governed by standardized plans, procedures, and checklists imposed on the drilling workers by VON.

42. Virtually every job function was pre-determined by VON, including the tools and equipment to use at a job site, the data to compile, the schedule of work, and related work duties.

43. The drilling workers were prohibited from varying their job duties outside of the pre-determined parameters and were required to follow VON's policies, procedures, and directives.

44. VON exercised control over the hours and locations they worked, the tools and equipment they used, and rates of pay they received.

45. Even when Saltzman and Morse worked away from VON's offices without the presence of a direct supervisor, VON still controlled significant aspects of Plaintiffs' job activities by enforcing mandatory compliance with its policies and procedures.

46. VON set Saltzman's and Morse's rates of pay, their work schedule, and effectively prevented (or outright prohibited) them from working other jobs for other companies while they were working on jobs for VON.

47. VON did not require any substantial investment by Saltzman or Morse for them to perform the work required of them.

48. Saltzman's and Morse's earnings were based on the number of days VON scheduled them to work.

49. VON controlled Saltzman's and Morse's opportunity for profit and loss by dictating the days they worked and the rates they were paid.

50. Saltzman and Morse were not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

51. VON provided the costly equipment Saltzman and Morse used to perform their jobs.

52. Saltzman and Morse did not provide the equipment they used on a daily basis.

53. VON or the operator made the large capital investments in buildings, machines, equipment, tools, and supplies necessary to perform VON's drilling services.

54. Plaintiffs were not employed by VON on a project-by-project basis.

55. In fact, while Plaintiffs were classified as independent contractors, they were regularly on call for VON and were expected to drop everything and work whenever needed.

56. All the drilling workers working for, or on behalf of VON, perform similar job duties and are subjected to the same or similar policies that dictate their day-to-day activities.

57. All the drilling workers who VON classified as independent contractors worked similar hours and were denied overtime by the same illegal pay practice, regardless of the third-party entity they were staffed through.

58. All the drilling workers who VON classified as independent contractors worked in excess of 40 hours a week. They were often scheduled to work daily 12-hour shifts, for weeks at a time, regardless of the third-party entity they were staffed through.

59. VON paid Saltzman, Morse, and the other drilling workers like them a day-rate and misclassified them as independent contractors.

60. VON failed to pay Saltzman, Morse, and the other drilling workers like them Plaintiffs overtime for hours worked in excess of 40 hours in a single workweek.

61. Saltzman, Morse, and the other drilling workers like them were not paid on a salary basis.

62. They never received any guaranteed weekly compensation from VON irrespective of days worked. Instead, their compensation was expressly based on the number of days worked.

63. VON's policy of classifying its drilling workers as independent contractors and failing to pay them overtime, violates the FLSA because these workers are, for all purposes, non-exempt employees.

64. VON's day-rate system violates the FLSA because Plaintiffs and the other MWD Operators and Directional Drillers like them did not receive any overtime pay for hours worked over 40 hours each week.

65. Saltzman, Morse, and the other drilling workers like them should receive overtime for all hours worked over 40 in a workweek.

**CAUSE OF ACTION**

66. VON violated the FLSA employing its drilling workers employees for workweeks longer than 40 hours without paying them overtime.

67. VON knew, or recklessly disregarded the possibility, that its practice of failing to pay day-rate workers overtime violated the FLSA.

68. VON did not investigate its potential liability under the FLSA prior to the filing of this lawsuit.

69. VON's decision not to pay its drilling workers overtime was not made in good faith.

70. Saltzman, Morse, and the other drilling workers are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

**COLLECTIVE ACTION ALLEGATIONS**

71. The illegal pay practice imposed on Saltzman and Morse was also imposed on the other drilling workers.

72. Saltzman and Morse worked with other drilling workers who were: (1) improperly classified as independent contractors; (2) paid in the same manner; (3) performed similar drilling work; (4) worked similar hours; and (5) did not receive overtime pay.

73. Saltzman and Morse know from their own experiences that VON imposed the practices they challenge on other drilling workers.

74. Saltzman, Morse, and the other drilling workers were improperly classified as independent contractors and were not paid overtime as required by federal law.

75. Saltzman's and Morse's experiences are typical of the other drilling workers.

76. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

77. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Putative Class and provide for judicial consistency.

## JURY DEMAND

78. Saltzman and Morse demand a trial by jury on all issues so triable.

## RELIEF SOUGHT

79. Saltzman and Morse seek the following relief:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all the other drilling workers;

   b. A judgment finding VON liable to Saltzman, Morse, and the other drilling workers for unpaid overtime and an equal amount as liquidated damages;

   c. An order awarding attorneys' fees, costs, expenses, and judgment interest; and

   d. An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

/s/ Rex Burch

By: _____

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**AND**

**Michael A. Josephson**
Fed. Id. 27157
State Bar No. 24014780
**Lindsay R. Itkin**
Fed. Id. 1458866
State Bar No. 24068647

9

**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
litkin@mybackwages.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

10

## CONSENT TO JOIN WAGE CLAIM

Print Name: __Tyler Saltzman__

1. I hereby consent to participate in a collective action lawsuit against __VON Energy Services__ to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _Tyler Saltzman (Jul 5, 2018)_    Date Signed: __7-5-2018__

**CONSENT TO JOIN WAGE CLAIM**

Print Name: __BAYLEN MORSE__

1. I hereby consent to participate in a collective action lawsuit against __VON Energy__ to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: __BAYLEN MORSE (Sep 11, 2018)__   Date Signed: __09/11/2018__